Action by Lena Huber and others against Mary Huber and others. From a judgment for defendants on exceptions, plaintiffs appeal. Reversed and remanded.

Emile Pomes, for appellants. Josiah Gross and George Sladovich, for appellees.

### On Exceptions.

MONROE, J. The allegations that plaintiffs own the property mentioned in the petition in indivision with others, who are named, that they do not desire a continuance of that relation, and that the property cannot be divided in kind, disclose an interest, call for proper parties, are in proper form, and contain nothing to indicate that the action is premature or prescribed (and it could not well be both), that the rights of the petitioners have been extinguished, or that there is any improper cumulation. The property might be more definitely described, and the title under which plaintiffs claim, as also the extent of their respective interests, might be set forth; but that is not always necessary, as the question of title is not always an issue in a partition suit. Where, as in this case, defendants desire that it should be done, we think plaintiffs should be allowed to amend.

The judgment appealed from is therefore set aside, and the case is remanded for further proceedings, at the cost of the defendants.

---

(59 South. 44.)

No. 19,418.

STATE v. SNYDER.

In re SNYDER.

(June 4, 1912. Rehearing Denied June 28, 1912.)

*(Syllabus by Editorial Staff.)*

1. CONSTITUTIONAL LAW (§ 62*)—HEALTH (§ 3*)—LEGISLATIVE POWERS—DELEGATION.

Under Const. art. 296, authorizing the General Assembly to create a State Board of Health, define its duties, and prescribe its powers, Act No. 98 of 1906, authorizing the State Board of Health to promulgate a Sanitary Code, and making violations thereof a penal offense, is not unconstitutional as a delegation of legislative powers.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 94–102; Dec. Dig. § 62;* Health, Cent. Dig. § 2; Dec. Dig. § 3.*]

2. STATUTES (§ 38*)—SANITARY CODE—ENACTMENT—PROMULGATION AND PUBLICATION.

Const. art. 42, requiring the publication of statutes in the official journal, applies only to laws passed by the General Assembly, and has no application to a Sanitary Code promulgated by the State Board of Health under legislative authority, although the statute authorizing it gives such code the force and effect of a statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 41; Dec. Dig. § 38.*]

3. STATUTES (§ 145*)—ENACTMENT—INCORPORATING OTHER ACTS.

Act No. 98 of 1906, authorizing the State Board of Health to prepare a Sanitary Code, does not violate Const. art. 33, prohibiting the General Assembly from adopting any system or code of laws by general reference, without reciting their provisions at length.

[Ed. Note.—For other cases, see States, Cent. Dig. § 214; Dec. Dig. § 145.*]

Larry H. Snyder was convicted of violating the Sanitary Code promulgated by the State Board of Health, and he brings certiorari. Affirmed.

John C. Hollingsworth, for relator. Benjamin T. Waldo, for the State.

PROVOSTY, J. The Legislature having by Act No. 98, p. 164, of 1906, created a State Board of Health, and required it to prepare and promulgate a Sanitary Code, and made it a penal offense to violate any of the regulations thus to be made by the said board, and the said board having prepared and promulgated a Sanitary Code, and one of the provisions of the said Code being that

"Sec. 37. The use of saccharin in any food product is prohibited"—

the accused was prosecuted and convicted and sentenced for a violation of said provision.

[1] He challenges the constitutionality of said provision on the ground that the Legislature could not validly delegate to the State Board of Health the power to declare and provide what conduct shall constitute a crime, that the power by which conduct otherwise innocent is made criminal is legislative, and that legislative power for state purposes can be validly exercised only by the Legislature itself, and cannot be constitutionally delegated to some subordinate functionary.

The contention would be well founded if it were not for article 296 of the Constitution, reading:

"The General Assembly shall create for the state, and for each parish and municipality therein, boards of health, and shall define their duties, and prescribe the powers thereof."

Here the Legislature is authorized to "prescribe the powers" of the Board of Health. This can only mean to delegate to the Board of Health such powers as may be deemed to be necessary for efficiently carrying out the purposes for which a board of health is created, and the power most obviously necessary in such a case is that to make health regulations that shall have the force of laws. And nothing more than this has been done in the present case.

[2] The accused also contends that the said Sanitary Code has never been promulgated. He does not deny that it was promulgated in the manner prescribed by the statute, by being printed in pamphlet form and widely distributed, and does not deny that this mode of promulgation would be sufficient in the absence of anything to the contrary in the Constitution, but contends that the Constitution requires statutes to be promulgated by publication in the official journal, and that, if these regulations of the Board of Health are to have the force and effect of statutes, they ought to be promulgated like statutes. In answer to this it suffices to say that the provision of the Constitution thus invoked (article 42) has reference only to "laws passed by the General Assembly," and that these regulations of the Board of Health are not "laws passed by the General Assembly."

[3] The accused also contends that by thus making it a penal offense to violate any of the regulations which the Board of Health may in the future adopt the Legislature has practically adopted a system or code of laws in violation of article 33 of the Constitution, which provides that:

"The General Assembly shall never adopt any system or code of laws by general reference to such system or code of laws; but in all cases shall recite at length the several provisions of the laws it may enact."

This article has no application to a case like the present, where the Legislature has not adopted a system or code of laws, but has made it a penal offense to violate whatever rules necessary for the conservation of the public health the Board of Health may make. The said article is not aimed at anything of that kind.

Judgment affirmed.