PROVO STY, J.
Section 7 of Act No. 192 of 1898, as amended by Act No. 173, p. 313, § 2, of 1912, gives authority to municipal boards of health to pass health and sanitary ordinances for the disposition of faecal matter, and prescribes a penalty of not less than $10 and not more than $25, or imprisonment for not more than 30 days, or both said fine and imprisonment, for any violation of such ordinances.
In pursuance of this authority the board of health of the city of Crowley adopted an ordinance forbidding open closets and establishing a bucket system, providing a vidangeur service for the periodical emptying and disinfecting of the buckets, fixing a charge of 50 cents per month for such service for each family, payable each month in advance not later than ten days after the first of the month, and imposing a finé of not less than $2.50 and not more than $25, or imprisonment at the discretion of the court, for a violation of the ordinance.
The relator was prosecuted under this ordinance, and was sentenced to pay a fine of $10, or 20 days’ imprisonment. This sentence was based not on the ordinance, but on the statute; the ordinance, in so far as imposing a penalty, was held to be unauthorized and null.
[1, 2] Relator contends that by said statute the Legislature has undertaken to do a thing it cannot do, namely, denounce a penalty for an offense not created or defined, by itself, but to be created, or defined, thereafter by one of its governmental agencies.
The statute in effect says that whoever shall violate an ordinance of the board of health shall be punished thus and so. The offense consists in the violation of an ordinance of the board of health. We do not see what further definition than this could be necessary. The question of whether the Legislature may denounce a penalty for the violation of the rules and regulations which it authorizes one of its governmental agencies to make was considered, and decided affirmatively, in U. S. v. Grimaud, 220 U. S. 506, 31 Sup. Ct. 480, 55 L. Ed. 563, and Light v. U. S., 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570.
[3] Next it is contended that the operation of said ordinance in conjunction with said statute amounts to using criminal process, or imprisonment, for enforcing the payment of a civil obligation; and that the doing of this is in violation of article 2 of the state Constitution and of articles 5 and 14 of the federal Constitution.
This 50 cents per month is not a civil obligation ; it is the cost of removing and disinfecting the bucket of relator’s premises at the *631 periods fixed in the ordinance. Instead of imposing this sanitary measure upon relator herself, the ordinance provides that it shall be attended to directly by the board of health through its vidangeur force, and that the relator shall defray the cost of this service by means of this monthly payment. If the failure of the relator to attend to this sanitary measure might have been made punishable by imprisonment, we see no good reason why her failure to perform the equivalent, namely, paying this cost, should not be thus punishable. And if the board of health deemed it to be in the public interest that this sanitary measure should be attended to. directly by the public authorities, in order to insure its being properly done, we do not discover in the matter anything but a mere ordinary exercise of the police power.
The next contention is that the said charge is unreasonably large. Whether it is so or not was a matter for evidence; and none was offered on that point.
The next contention is that only two of the five members of the board of health voted for said ordinance; and that therefore it was never adopted. There is an admission to the contrary in the record. And the same admission covers and refutes the contention that said ordinance was never promulgated.
The order nisi herein is therefore recalled, and the present application is now denied at the cost of the relator