BRUNOT, J.
The accused was indicted by the grand jury for killing a wild deer on the 7th of March, 1923, during the closed season, contrary to the statutes of the state of Louisiana.
He was tried and convicted. A 'motion in arrest of judgment was sustained in the lower court, and tlie state appeals.
There is no bill of exception or assignment of error in the record, and the state has not filed a brief.
The defense is that there is no statute of the state fixing the open or closed season during which wild deer may or may not be killed and that the Legislature cannot delegate to a branch of the executive department of the government the power to enact laws.
[1] It appears that the only acts of the Legislature upon the subject are Act 204 of 1912 and Act 88 of 1918.
Section 4 of Act 204 of 1912 is as follows:
“Be it further enacted, etc., that .the conservation commission shall be vested with authority to fix the open season during which wild deer other than fawns, may be killed in the various parishes of the state. The open season shall not exceed five months and must include the months of November and December, otherwise the commission may vary the open season to suit the conditions of the several individual parishes. No deer shall be killed for sale or offered or had in possession for sale. A person may take five such wild deer in an open season and may possess two (2) carcasses or parts thereof at any one time.”
Section 3 of Act 88 of 1918 follows:
“Be it further enacted, etc., that no person shall kill, catch, have in possession, or attempt to kill, catch, have in possession, living or dead, any deer or part of deer after same has been killed or caught, except as provided in section 4 of Act 204 of 1912.”
Neither of the acts fix a definite open season for the hunting of deer or a definite closed season during which deer shall not be killed. Section 4 of Act 204 of 1912 provides for-an open season not exceeding five months in any one year, and it definitely fixes the months of November and December as two of the months of the open season. With reference to the other months of the open season, of the beginning and end and of the duration thereof, the act vests the conservation commission with the power and authority to determine and fix or vary it as may best suit the conditions of the several parishes.
Vesting the conservation commission with this power and authority is clearly a grant of legislative power.
The conservation commission is a branch of the executive department of the state government. Article 5 of the Constitution of 1921 is, in part, as follows:
“Section 1. The executive department shall consist of a Governor, Lieutenant Governor, Auditor, Treasurer, Secretary of State, Register of the Land Office, Commissioner of Agriculture and Immigration, and Commissioner of Conservation.”
Article 2 of the Constitution of 1921, which is the same, in substance, as articles 16 and 17 of the Constitution of 1898, is as follows:
. “Section 1. The powers of the government of the state of Louisiana shall be divided into three distinct departments — legislative, executive, and judicial.
“Sec. 2. No one of these departments, nor any person or collection of persons holding office in one of them, shall exercise power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.”
The framers of the Constitution never intended that the Legislature should delegate any of its legislative powers to the conservation commission, and this intention is unequivocally expressed in section 1 of article 6 of the Constitution of 1921.
“Section 1. The natural resources of the state shall be protected, conserved and replenished; and for that purpose shall be placed under a department of conservation, which is hereby created and established. The department of conservation shall be directed and controlled by a commissioner of conservation to be appointed as elsewhere provided in this Constitution, who shall have and exercise such authority and power as may be prescribed by law. The Legislature shall enact all laws nec *405 essary to protect, conserve and replenish the natural resources of the state, and to prohibit and prevent the waste or any wasteful use thereof.”
The intention expressed is clear:
“The Legislature shall enact all laws necessary to protect, conserve and replenish the natural resources of the state.”
[2] As the Legislature has not fixed an open season in which wild deer may be killed or a closed season in which they may not be hunted, it follows that no statute of the state has been violated, and, as the Legislature could not vest the conservation commission with legislative power, the indictment against the accused must fall.
For these reasons the judgment of the lower court sustaining the motion in arrest of judgment is correct, and it is therefore affirmed.
O’NIELL, O. J., concurs in the decree.
OVERTON, J., dissents.
LAND, J., dissents. See State v. Snyder, 131 La. 146, 59 South. 44.