STATE OF NORTH CAROLINA v. BAXTER EUGENE LISK

No. 743SC266

(Filed 15 May 1974)

1. **Constitutional Law § 31— failure to require disclosure of informant — no error**

In a prosecution for possession of marijuana with intent to distribute and possession of amphetamines, the trial court did not err in failing to require disclosure of the identity of the State's confidential informant, since defendant did not show that the informant was a participant in the offense or that the identity was essential or relevant or helpful to his defense.

2. **Constitutional Law § 7— Controlled Substances Act — delegation of authority proper**

G.S. 90-88 is not an unconstitutional delegation of legislative authority in that it allows the N. C. Commission of Health Services to define crimes; rather, the statute delegates to the Commission the authority, within specified and adequate guidelines, to reschedule controlled substances.

3. **Criminal Law § 158— omission of warrant from record on appeal**

The Court of Appeals cannot review the trial court's conclusion that a warrant to search defendant's premises was valid where the warrant and supporting affidavit are not in the record on appeal.

4. **Criminal Law § 50; Narcotics § 3— substance as marijuana — opinion evidence of officer — competency**

An officer's opinion that material seized from defendant's premises was marijuana was competent in defendant's trial for possession of marijuana with intent to distribute.

5. **Constitutional Law § 37— waiver of rights — sufficiency of evidence**

Evidence was sufficient to support the trial court's finding that defendant was fully advised of his rights, though they were not read to him from a card, and that he knowingly and intelligently waived them.

State v. Lisk

APPEAL from *Rouse, Judge,* 1 October 1973 Criminal Session, PITT County Superior Court. Argued in the Court of Appeals 10 April 1974.

Defendant was charged with possession of marijuana with intent to distribute and possession of amphetamines. Prior to the plea, defendant moved for disclosure of the identity of the confidential informant upon whose information the State had obtained a warrant to search defendant's premises. Defendant also moved to quash the bill of indictment on the ground that the statute upon which it was based was unconstitutional. Both motions were denied, and defendant entered a plea of not guilty.

Defendant objected to the introduction of the items seized from defendant's premises, and a voir dire examination was conducted. Officer Nobles testified on voir dire that he obtained the warrant on information from an informant he had used before and whose prior information had resulted in the arrest and conviction of others. Officer Nobles performed a field test on the materials seized and determined that they were marijuana and amphetamines. The materials were then taken to the SBI laboratory where the officer's analysis was confirmed. The court found that the search was valid, and the items of contraband were admitted into evidence.

Officer Nobles testified that when he arrested defendant, he advised defendant fully of his rights. Defendant stated that he understood his rights and told Officer Nobles that the tablets were mostly flour and did not contain much amphetamine.

At the conclusion of the State's case, defendant's motion for nonsuit was denied, and he presented no evidence. The jury returned a verdict of guilty on both counts. From the signing and entry of judgment, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Byrd, for the State.*

*Smith and Geimer, P.A., by W. S. Geimer, for defendant appellant.*

MORRIS, Judge.

[1] Defendant contends that the trial court erred in failing to require disclosure of the identity of the State's confidential informant. We do not agree. Defendant is correct in his position

that the privilege of non-disclosure must give way when the informant's identity is essential or relevant or helpful to the defense or is essential to a fair determination of the cause. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). Furthermore, the State is compelled to disclose the identity of the informant if it appears that he is a participant as opposed to a "mere tipster." *McLawhorn v. North Carolina,* 484 F. 2d 1 (4th Cir. 1973). The case before us does not fall within the rule of the cases cited, for defendant has made no showing either that the informant was a participant in the offense or the manner in which the identity of the informant would be essential to his defense. This assignment of error is overruled.

[2] Defendant next assigns error to the failure of the court to quash the bill of indictment which, he contends, is based upon an unconstitutional statute, G.S. 90-88. Among the several grounds for defendant's challenge to the constitutionality of G.S. 90-88 is his position that it represents an unauthorized delegation of legislative authority, viz: the authority to define crimes. His specific objection is that G.S. 90-88 empowers the North Carolina Commission of Health Services to add, delete, or reschedule a substance as a controlled substance.

Our Supreme Court addressed the issue of the delegation of legislative authority in the leading case of *Coastal Highway v. Turnpike Authority,* 237 N.C. 52, 60-61, 74 S.E. 2d 310 (1952):

> "However, it is not necessary for the Legislature to ascertain the facts of, or to deal with, each case. Since legislation must often be adapted to complex conditions involving numerous details with which the Legislature cannot deal directly, the constitutional inhibition against delegating legislative authority does not deny to the Legislature the necessary flexibility of enabling it to lay down policies and establish standards, while leaving to designated governmental agencies and administrative boards the determination of facts to which the policy as declared by the Legislature shall apply. *Provision Company v. Daves, supra.* Without this power, the Legislature would often be placed in the awkward situation of possessing a power over a given subject without being able to exercise it.

State v. Lisk

Here we pause to note the distinction generally recognized between a delegation of the power to make a law, which necessarily includes a discretion as to what it shall be, and the conferring of authority or discretion as to its execution. The first may not be done, whereas the latter, if adequate guiding standards are laid down, is permissible under certain circumstances. 11 Am. Jur., Constitutional Law, Sec. 234. See also *Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896.

. . .

Nevertheless, the legislative body must declare the policy of the law, fix legal principles which are to control in given cases, and provide adequate standards for the guidance of the administrative body or officer empowered to execute the law. . . . In short, while the Legislature may delegate the power to find facts or determine the existence or nonexistence of a factual situation or condition on which the operation of a law is made to depend, or another agency of the government is to come into existence, it cannot vest in a subordinate agency the power to apply or withhold the application of the law in its absolute or unguided discretion, 11 Am. Jur., Constitutional Law, Sec. 234."

It should be apparent that the General Assembly is not constantly in session, and, therefore, even if its members were all trained chemists and pharmacists, which they are not, it is impossible for them to keep abreast of the constantly changing drugs and medications and their inherent dangers which appear on the pharmaceutical scene. G.S. 90-88 does not delegate the authority to define crimes; rather it is a delegation of authority to "find facts or determine the existence or nonexistence of a factual situation or condition on which the operation of a law is made to depend." *Coastal Highway v. Turnpike Authority, supra,* at 61. An examination of the statute reveals that the Legislature has imposed guidelines upon the rescheduling of controlled substances that are more than adequate within the purview of *Coastal Highway, supra.* We have carefully reviewed defendant's other attacks on the constitutionality of G.S. 90-88, and we find them to be without merit.

[3] Defendant assigns error to the admission into evidence of items seized pursuant to the search warrant on the ground that the warrant was not valid. However, he has failed to include the warrant in the record. As we stated in *State v. Haltom,* 19 N.C.

App. 646, 199 S.E. 2d 708 (1973), we cannot review the trial court's conclusion that the warrant was valid where the warrant and supporting affidavit are not in the record on appeal.

[4]   There is no merit to defendant's contention that Officer Nobles' opinion that the vegetable material seized was marijuana is incompetent. Officer Nobles testified that he had attended schools on the identification of marijuana, and that he had performed a field test on the substance. Even if this were not enough to qualify the officer's expert testimony, defendant has waived his exception, for he made no motion to strike the testimony.

[5]   Likewise, without merit is defendant's assignment of error to the court's finding that defendant was fully advised of his rights and knowingly and intelligently waived them. Defendant specifically contends that the evidence is not sufficient inasmuch as the finding is not supported by competent evidence that defendant's rights were read to him from a card. Defendant offers no authority for his position that a defendant's rights must be read from a card in the presence of witnesses, and we hold that there is no such requirement. The evidence on voir dire was uncontradicted to the effect that there was a voluntary, understanding statement. The court's findings are conclusive since they are supported by competent evidence. *State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970).

There is no merit to the contention that defendant's motion for nonsuit was improperly denied. The test for sufficiency of the evidence in a criminal prosecution is well established, and we hold that the State has presented ample evidence to go to the jury.

No error.

Judges CAMPBELL and VAUGHN concur.