STATE OF NORTH CAROLINA v. RUDOLPH BLACKBURN

No. 7425SC310

(Filed 15 May 1974)

1. **Criminal Law § 87— leading questions — allowance discretionary**
    The trial court did not err in allowing the District Attorney to ask leading questions of the State's witnesses.

2. **Criminal Law § 42; Robbery § 3— attempted armed robbery — hat worn by defendant — admissibility**
    The trial court in an attempted armed robbery case did not err in allowing into evidence a white Panama hat found at the crime scene, since the hat was identified by an eyewitness as the hat worn by the defendant during the attempted robbery and by the officer who found the hat fifteen feet from the scene of the crime as the hat he had found.

3. **Criminal Law § 87— leading questions — allowance proper**
    The trial court did not abuse its discretion in refusing to allow defense counsel to ask leading questions of defendant.

APPEAL by defendant from *Falls, Judge,* 5 November 1973 Session of Superior Court held in CATAWBA County. Argued in the Court of Appeals 18 April 1974.

. Defendant was tried upon a bill of indictment charging attempted armed robbery.

The State's evidence tended to show that on 11 April 1973 at approximately 9:50 p.m., a Negro male wearing a white hat, knit shirt and denim jacket and trousers, attempted to rob the Tas-T-O Donut Shop in Hickory, North Carolina. He pulled a pistol from his pocket and demanded money. At this point, Nancy Hester, an employee of the Donut Shop, reached for a pistol. The Negro male, identified by Nancy Hester as the defendant, pulled the trigger of his pistol, but the weapon misfired. As defendant fled the scene, Mrs. Hester fired through a window at him.

Ten minutes after receiving a description of defendant at the Tas-T-O Shop, police officers of the Hickory Police Department saw defendant along with two other individuals three blocks from the Donut Shop. Defendant was stopped, and when asked about a white Panama hat found near the scene of the robbery attempt, fled to his home. Officers pursued defendant to his home, entered defendant's home, and, after having to scuffle with and push members of the household out of the way, seized defendant and placed him under arrest.

Defendant's evidence tended to show that on the night in question he went to visit his cousin. Defendant was wearing a knit shirt with dungarees and a denim jacket, but was not wearing a hat on the night in question. Defendant testified that he ran when confronted by the officers because of fear of getting into trouble. Defendant testified that the officers entered the house without knocking and dragged him out of the house without informing him of his arrest or constitutional rights.

Witnesses for the defendant offered corroborative testimony as to the police breaking into the house, scuffling with the occupants, and dragging defendant away without informing him he was under arrest.

From a verdict of guilty and a sentence of nine to fifteen years, defendant appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Haskell, for the State.*

*Chambers, Stein, Ferguson & Lanning, by Karl Adkins, for the defendant.*

BROCK, Chief Judge.

[1] Defendant contends the trial court committed error in allowing the District Attorney to continuously lead State's witnesses.

An examination of the questions enumerated in the exceptions by defendant fails to disclose objectionable leading by the District Attorney. Although the questions were leading in nature, their control is a matter of discretion vested in the trial court, reviewable only for an abuse of discretion. *State v. Painter*, 265 N.C. 277, 144 S.E. 2d 6. No abuse of judicial discretion appears. This assignment of error is overruled.

Defendant contends the trial court committed error in admitting into evidence testimony by the State's witnesses which was incompetent, irrelevant, immaterial, remote, inflammatory, conclusive and prejudicial to the defendant.

We have reviewed both the questions and responses which defendant has enumerated as objectionable. In our opinion, the answers are responsive and relevant to the issue. This assignment of error is overruled.

[2] Defendant contends the trial court committed prejudicial and reversible error by admitting into evidence the white Panama hat found at the scene. Both Nancy Hester, the witness who was confronted by the defendant at the robbery scene, and Officer Luther Hathcock, who found that hat fifteen feet from the entrance to the Donut Shop, identified the hat as the hat worn by the defendant and as the hat found at the scene, respectively. This assignment of error is overruled.

[3] Defendant contends the trial court committed error in refusing to admit testimony from the defendant which was relevant and material to his defense.

During redirect examination, defendant testified that the police officers shot at and pursued defendant to his home; that the officers broke into the house without knocking or stating their purpose; that they grabbed defendant and choked him and dragged him to the car; that they did not arrest defendant at his home, and that they failed to advise him of his constitutional rights. Defense counsel then asked defendant:

"Q. While kicking you and beating you at the car?

"MR. GREENE: Object to that.

"COURT: Sustained."

The trial court then cautioned defense counsel on leading the witness or suggesting answers to the question.

Control of leading questions is discretionary in the trial court and its ruling will not be upset except for abuse of discretion. No abuse of discretion appears in the ruling of the Court. This assignment of error is overruled.

· In our opinion, defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and BALEY concur.