THE STATE OF OHIO *v.* Krego.

(No. CR81-5397—Decided October 30, 1981.)

Court of Common Pleas of Lucas County.

*Mr. Michael J. Manahan,* for plaintiff.
*Mr. George Gernot III,* for defendant.

RESTIVO, J. Defendant Sharon Krego has been indicted for knowingly possessing 1.08 grams of phencyclidine (PCP). Presently, she has filed a motion challenging the procedure by which phencyclidine has been classified as a Schedule II controlled substance rather than a Schedule III controlled substance under R. C. 3719.41. Specifically, the defendant

asserts that R. C. 3719.44, insofar as it provides that the State Board of Pharmacy may transfer a narcotic from one schedule to another in the state drug classification scheme, unlawfully delegates legislative authority to the State Board of Pharmacy. Defendant contends that any amendment or modification in the scheduling of narcotics in Ohio must be accomplished by the Ohio legislature and not by an administrative agency such as the State Board of Pharmacy which is part of the executive department of the state.

It is a well-established principle of representative government that the legislature cannot delegate its legislative power to any other authority or body, and that any attempt to do so is void and unconstitutional. *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65; *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329. Moreover, the authority to define crimes and fix the punishment therefor is vested exclusively in the legislature, and it may not delegate that power either expressly or by implication. *State* v. *Healy* (1951), 156 Ohio St. 229; *Youngstown* v. *DeLoreto* (1969), 19 Ohio App. 2d 267.

R. C. 3719.44 specifically authorizes the State Board of Pharmacy, a part of the executive branch of government, to transfer a controlled substance from one schedule under R. C. 3719.41 to another. Each time a controlled substance is so transferred, the Ohio legislature does not vote on the reclassification, but gives blanket approval to the change. Thus, R. C. 3719.44 delegates the power to classify controlled substances to an administrative agency which is outside the administration and control of the state legislature.

In that case, the transfer of phencyclidine from a Schedule III controlled substance to a Schedule II controlled substance has resulted in a change of penalties for those found guilty of possession of that controlled substance. The practical effect of such a transfer is to increase the criminal penalty for violation of the Act. The result is that the State Board of Pharmacy is given the authority to define a crime, and ordain its punishment.

In short, R. C. 3719.44 attempts to delegate to an administrative agency, which is part of the executive branch of government, legislative authority which only the state legislature can exercise. Such a delegation of authority is unconstitutional

and void. See, similarly, *State* v. *Rodriguez* (La. 1980), 379 So. 2d 1084; *Sundberg* v. *State* (1975), 234 Ga. 482, 216 S.E. 2d 332; *Howell* v. *State* (Miss. 1974), 300 So. 2d 774; *State* v. *Perrico* (1980), 66 Ohio Misc. 7, 20 O. O. 3d 86 (Montgomery Co. C. P.); *contra, Ex Parte McCurley* (Ala. 1980), 390 So. 2d 25; *People* v. *Einhorn* (S. Ct. 1973), 75 Misc. 2d 183, 346 N.Y.S. 2d 986; *State* v. *Lovelace* (Mo. App. 1979), 585 S.W. 2d 507; *People* v. *Uriel* (Mich. App. 1977), 255 N.W. 2d 788. The court therefore holds that defendant cannot be found guilty of possession of phencyclidine as a Schedule II controlled substance but only of possession of phencyclidine as a Schedule III controlled substance.*

*Judgment accordingly.*

---

\* The court does not reach the question of whether the notice given by the State Board of Pharmacy constituted due process because the decision on the constitutional question involved renders it unnecessary.