FOIL, Judge,
dissenting.
The majority holds that the defendants were convicted under a statutory scheme which constituted an unlawful delegation of legislative authority; I disagree and, therefore, respectfully dissent.
LSA-R.S. 30:2171, et seq., set forth the Louisiana Hazardous Waste Control Laws. The defendants were convicted of illegal transportation of hazardous waste and illegal disposal of hazardous waste under LSA-R.S. 30:2183 G(2) which states:
Any person who knowingly transports, treats, stores, disposes of, or exports any substance in contravention of any provisions of this Chapter or the regulations or of any permit or license terms and conditions adopted in pursuance thereof, or any person who otherwise knowingly violates any provisions of this Chapter, in such manner that he knows, or should have known, at that time that he thereby places another person in imminent danger of death or serious bodily injury, shall, upon conviction, be subject to a fine of not more than two hundred fifty thousand dollars per day of violation and costs of prosecution, or imprisonment at hard labor for not more than fifteen years, or both.
LSA-R.S. 30:2173 defines disposal, hazardous waste, and transportation as:
(1) “Disposal” means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any hazardous waste into or on any land or water so that such waste, or any constituent thereof, may enter the environment or be emitted into the air or discharged into any waters, including ground waters.
(2) “Hazardous waste” means any waste, or combination of wastes, which because of its quantity, concentration, physical, or chemical characteristics may cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating reversible illness, or pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed. Such definition shall be applied only to those wastes identified and designated as such by the department, consistent with applicable federal laws and regulations.
* * * * * *
(6) “Transportation” means the movement of hazardous wastes from the point of generation or storage to the point of treatment, storage, or disposal by any means of commercial or private transport. The term does not apply to the movement of hazardous wastes on the premises of a hazardous waste generator or on the premises of a permitted hazardous waste treatment, storage or disposal facility.
It is well established that statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. Because a state’s statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. State v. Griffin, 495 So.2d 1306, 1308 (La.1986).
The Louisiana Constitution provides for a separation of powers among the legislative, executive and judicial branches of the government. La. Const, art. II, sec. 1., La. Const, art. II, sec. 2 states:
*970 Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.
The general rule is that the legislative power to create and define offenses cannot be delegated. State v. Rodriguez, 379 So.2d 1084, 1085 (La.1980). However, the Louisiana Supreme Court has recognized that the legislative branch has the authority to delegate to administrative boards and agencies of the state the power to ascertain and determine the facts upon which the laws are to be applied and enforced. State v. Taylor, 479 So.2d 339, 341 (La.1985). In determining whether or not a particular delegation of legislative authority is unconstitutional, the Louisiana Supreme Court has relied upon the rule established in Schwegmann Brothers Giant Super Markets v. McCrory, 237 La. 768, 112 So.2d 606, 613 (1959):
So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature.
This rule requires that the legislature establish by statute standards for the guidance of the executive or administrative body or officer empowered to execute the law. Thus, where a statute vests arbitrary discretion in a board or an official without prescribing standards of guidance there is an unconstitutional delegation of legislative authority to the executive branch of the government. State v. Rodriguez, 379 So.2d at 1086. Under the test articulated in Schwegmann, a delegation of power by the legislature will be upheld if: (1) the statute expresses a clear legislative policy; (2) it contains guidance for administrative officials in executing the law and (3) the standards do not permit arbitrary actions by the administrative agency. State v. Barthelemy, 545 So.2d 531, 534 (La.1989).
Upon application of the three-prong test of Schwegmann, I believe that the Louisiana Hazardous Waste Control Laws, LSA-R.S. 30:2171, et seq., set out a constitutionally valid regulatory scheme. First, the statutes contain a clear and appropriate statement of legislative policy; the purpose of these statutes is to authorize the development, implementation, and enforcement of a comprehensive state hazardous waste control program in order to diminish the risks to the citizens and environment of Louisiana. See LSA-R.S. 30:2172 B.
Second, the statutes contain guidance for administrative officials. LSA-R.S. 30:2173, 2183, 2186, 2189, 2192, 2196 provide definitions and operational directives which guide and circumscribe the administrative agency’s actions.
Finally, the statutes do not allow arbitrary actions by the administrative agency. The statutes define hazardous waste and set forth when its transportation, treatment, storage, disposal and exportation are illegal. In light of the strong interest of the state in protecting its citizens and the environment from the grave and immediate risks posed by hazardous waste, these safeguards provide adequate protection against arbitrary decisions by DEQ. See State v. Barthelemy, 545 So.2d at 535.
Thus, I conclude that it was the legislature and not DEQ which made the transportation and disposal of hazardous waste a criminal offense. DEQ simply brings its expertise to determine what specific substances fall under the legislature’s definition of hazardous waste. See State v. Barthelemy, 545 So.2d at 535 n. 5.
Further, in Misretta v. United States, 488 U.S. 361, 372, 109 S.Ct. 647, 654, 102 L.Ed.2d 714 (1989), the United States Supreme Court stated that the separation of powers principle, and the non-delegation doctrine in particular, do not prevent Congress from obtaining assistance from its coordinate branches. As long as the legislative branch sets forth by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority must conform, such legislation is not forbidden. Applying this “intelligi *971 ble principle” test to congressional delegations, the federal jurisprudence has been driven by a practical understanding that in our increasingly complex society, replete with ever changing and more technical problems, the legislative branch simply cannot do its job absent an ability to delegate power under broad general directives. Misretta v. United States, 488 U.S. at 374, 109 S.Ct. at 655.
I feel that the Louisiana Hazardous Waste Control statutes are a constitutionally valid delegation of authority by the legislature to an executive agency.
I would affirm the convictions and sentences.