Dear Commissioner Fowler:
This office is in receipt of your recent opinion request regarding a procedures manual to be written by the Department of Elections and Registration for use in-house by Registrars of Voters. Specifically, you ask whether the Department must follow the requirements of the Louisiana Administrative Procedures Act in creating this instructional manual.
You state that this manual will contain instructions on daily procedures for various activities in the offices of the registrars, and would establish general guidelines on how to handle registration procedures for felony removals, duplicate Social Security numbers, etc.
LSA-R.S. 36:661(C) establishes the Commissioner of Elections as executive head of the Department of Elections and Registration. The powers and duties of the Commissioner are enumerated in LSA-R.S. 36:662, and provide for the Commissioner to comply with the Administrative Procedures Act when promulgating rules and regulations for the administration and functions of the department. Additionally, LSA-R.S. 18:18(3) provides for the commissioner to prescribe uniform rules, regulations, forms, and instructions relating to custody of voting machines and voter registration, which shall be approved by the attorney general and applied uniformly by each registrar of voters in the state.
The Administrative Procedures Act, LSA-R.S. 49:950 et seq., ["APA"], defines the term "rule" as follows:
 (6) `Rule' means each agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency. `Rule' includes, but is not limited to, any provision for fines, prices or penalties, the attainment or loss of preferential status, and the criteria or qualifications for licensure or certification by an agency. A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and it is capable of being applied to every member of an identifiable class. The term includes the amendment or repeal of an existing rule but does not include declaratory rulings or orders or any fees. (Emphasis added).
In State v. Union Tank Car Company, 439 So.2d 377, 380 (La. 1983), the Supreme Court of Louisiana discussed administrative rule-making as follows:
 It is a well-established rule of constitutional jurisprudence that although the legislature may not delegate purely legislative power, it may declare its will, and, after fixing a primary standard, devolve upon administrative officers the power to `fill up the details' by prescribing administrative rules and regulations. United States v. Shreveport Grain and Elevator Co., 287 U.S. 77, 53 S.Ct. 42, 77 L.Ed. 175 (1932). In other words, although the legislature may not delegate the legislative power to determine what the law shall be, it may delegate to administrative boards and agencies of the state the power to ascertain and determine the facts upon which the laws are to be applied and enforced. State v. Rodriguez, 379 So.2d 1084 (La. 1980); State v. Guidry, 142 La. 422, 76 So. 843 (La. 1917). As explained by this court in the case of Schwegmann Brothers Giant Super Markets v. McCrory, Commissioner of Agriculture, 237 La. 768, 112 So.2d 606, 613 (La. 1959):
 So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature.
Thus, the answer to your question hinges on whether you are writing a manual which has the effect of implementing or interpreting substantive law or policy and/or prescribes the procedure or practice requirements of the agency, which is binding on the registrars. In other words, will the manual ascertain the facts upon which the law operates, or upon which the law is to be applied and/or enforced? By writing this manual, are you establishing rules, which fill in the details of the law? If the answer to either of these questions is yes, then you must follow the APA in writing the manual.
However, if the manual merely provides guidelines in carrying out a law, which is not binding on the registrar, which does not interpret facts upon which the law operates or is to be applied, or which does not establish rules which fill in the details of the law, then it would be our opinion that such a manual would not fall under the definition of "rule" under the APA. Rather, such a manual merely serves as a guide book, rather than as an administrative rule under the APA. Nevertheless, under the provisions of R.S. 18:18(3), any manual that relates to the custody of voting machines and/or voter registration would require review and approval by this office.
In sum, whether the manual you are proposing falls under the APA is a factual determination that we are not able to make at this time. We would be happy to review a draft or proposal of the manual to make a determination at that time, or you are welcome to provide us with illustrative facts/examples from which a determination may be made.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr