PEOPLE v LEMBLE

Docket No. 46914. Submitted December 2, 1980, at Lansing.—Decided January 23, 1981. Leave to appeal applied for.

Frederick Lemble was convicted of possession of more than 50 but less than 225 grams of cocaine and was sentenced to probation for life and fined, Washtenaw Circuit Court, Patrick J. Conlin, J. He appeals, alleging that the substance-abuse provisions of the Public Health Code violate the title-object clause of the Michigan Constitution, that the graduated penalties prescribed by those provisions deny him equal protection of the laws, that there was insufficient evidence to support the finding that he was in possession of cocaine, and that the trial court erred in refusing to grant his motion to disqualify people's counsel, thereby denying him a fair trial. *Held:*

1. The substance-abuse provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution.

2. The graduated-penalties provisions of the substance-abuse sections of the Public Health Code are based on a proper legislative object and do not amount to a denial of defendant's right to equal protection.

3. Sufficient evidence was presented to support the finding that defendant was in possession of cocaine.

4. Testimony by an attorney from the office of the litigating prosecutor did not amount to a denial of a fair trial for defendant. Defendant knew of the prosecutor's intent to introduce such testimony in advance of trial and was not surprised thereby. The trial was to the bench. The trial court properly denied defendant's motion to disqualify people's counsel since the burden which would have been imposed on the people

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 16, 17.
    73 Am Jur 2d, Statutes §§ 99, 100.
[2] 21 Am Jur 2d, Criminal Law § 582.
[3] 21 Am Jur 2d, Criminal Law § 234 *et seq.*
    63 Am Jur 2d, Prosecuting Attorneys § 29.

would not be accompanied by an increase in fairness to defendant.

Affirmed.

1. CRIMINAL LAW — SUBSTANCE ABUSE — PUBLIC HEALTH CODE — CONSTITUTIONAL LAW — STATUTES.

   A substance-abuse provision of the Public Health Code does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24, MCL 333.7403[1], [2][a][iii]; MSA 14.15[7403][1], [2][a][iii]).

2. CRIMINAL LAW — SUBSTANCE ABUSE — VARIANT TREATMENT OF VIOLATORS — EQUAL PROTECTION — STATUTES.

   Different treatment of persons in different situations prescribed by the substance-abuse provisions of the Public Health Code is proper pursuant to the object of the legislation and does not amount to denial of equal protection (MCL 333.7403; MSA 14.15[7403]).

3. CRIMINAL LAW — FAIR TRIALS — PROSECUTORS AS WITNESSES.

   A defendant in a criminal case is not denied a fair trial because an attorney from the office of the litigating prosecutor who was present at the defendant's arrest testifies during trial where the defendant is aware of the prosecutor's intention to introduce such testimony and is afforded the opportunity to move to disqualify the prosecutor's office from conducting the trial, especially where the trial is to the bench, and a trial court is justified in refusing to grant such a motion where the securing of independent prosecutorial counsel would burden the people without an attendant increase in fairness to the defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*O'Brien, Moran & Dimond,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and MACKENZIE, JJ.

PER CURIAM. Defendant was charged with possession of more than 50 grams but less than 225 grams of cocaine in violation of MCL 333.7403(1),

(2)(a)(iii); MSA 14.15(7403)(1), (2)(a)(iii). Defendant was found guilty after a trial to the bench, was sentenced to probation for life and ordered to pay a fine of $1,500 and costs of $10 per month. Defendant appeals as of right.

The defendant's first issue is that the substance-abuse provisions of the Public Health Code violate the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24. This issue has been addressed by this Court in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980), where the Court determined that there was no violation of the constitution's title-object clause.

The statutory scheme of the controlled substances portion of the health code punishes those found to be in possession of greater amounts of mixtures containing controlled substances with more severe penalties. We find that the legislative policies underlying criminal penalties—rehabilitation of the offender, society's need to deter the behavior in others, the prevention of the offender from causing injury to others—are achieved by this statute's graduated punishment. *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972). The penalties that may be imposed under this statute do not shock the judicial conscience in light of the gravity of the offenses.

Nor was this defendant denied equal protection of the laws. It is reasonable for the Legislature to impose more severe punishment for those possessing greater amounts of a mixture containing a controlled substance due to the potential for wider dissemination with an increased potential harm to society. The wording of MCL 333.7403; MSA 14.15(7403) indicates to this Court that the Legislature intended to punish defendants more severely

for possession of greater amounts of "any mixture" containing a controlled substance with the recognition that purchasers of such mixtures often have little or no idea of what percentage of the mixture is filler and what percent is the "pure" drug. The greater the quantity of the mixture, regardless of the degree of purity, the greater the potential harm to society. Therefore, the different treatment for persons in different situations under the code is proper because it is based on the object of the legislation, deterrence of the distribution of the drug. *People v Chapman,* 301 Mich 584; 4 NW2d 18 (1942).

As to the defendant's claim that there was insufficient evidence to support the finding that he was in possession of the cocaine, we disagree. The presence of the cocaine in a box which also contained personal papers of the defendant which was in an apartment leased and occupied by the defendant and his girl friend and the fact that at the time of his arrest the defendant stated that his girl friend had nothing to do with "that stuff" supplies sufficient evidence of the defendant's possession of the cocaine.

The defendant's final claim of error asserts that, because an attorney from the county prosecutor's office who was present at the arrest of the defendant testified at the trial, the litigating prosecutor from the same office should have been prohibited from prosecuting the case. The defendant contends that he was denied a fair trial because of the failure to get an outside prosecutor. The defendant knew approximately two months before trial that the prosecuting attorney witness was going to testify and so moved to disqualify the Washtenaw Prosecutor's Office from conducting the trial. The defense attorney was not surprised by the wit-

ness's testifying. There was no denial of a fair trial to the defendant because this witness was a member of the prosecutor's staff. This is especially true in light of the fact that the trial was to the bench. DR 5-101(B) of the Code of Professioanl Responsibility states that:

"A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

* * *

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

In light of the particular nature of prosecutor's offices, the trial court was justified in refusing the request for dismissal of the people's counsel where the grant of such a request and the securing of independent prosecutorial counsel would cause time and money expenditures without an accompanying increase in the "fairness" provided to the defendant.

For the reasons stated above, we affirm the defendant's conviction.

Affirmed.