PEOPLE v PREDIGER

PEOPLE v STAHL

Docket Nos. 51253, 51971. Submitted May 27, 1981, at Lansing.—
   Decided September 30, 1981.

   Fred R. Prediger, Jr., was charged with unlawful possession of
   over 300 grams of a cocaine mixture. Prior to trial, he moved
   for a construction of § 7403(2)(a)(ii) of the Public Health Code
   relative to certain stipulated facts. Wayne Circuit Court held
   that the amount of cocaine contained in the mixture allegedly
   found in the defendant's possession was insufficient to sustain
   the charges under the statute, Charles S. Farmer, J. The people
   appeal by leave granted.

   Robert J. Stahl was charged with delivery of more than 50 grams,
   but less than 225 grams, of a cocaine mixture. Prior to trial, he
   moved to quash the information on the ground that the amount
   of cocaine in the mixture which he delivered was insufficient to
   sustain the charges under § 7401(1), (2)(a)(iii) of the Public
   Health Code and that the statute did not provide adequate
   notice of the conduct proscribed. Following a hearing, Kent
   Circuit Court denied the defendant's motion, Woodrow A.
   Yared, J. Stahl appeals by leave granted.

      The appeals were consolidated on appeal. *Held:*

      1. The weight classifications in the statutes under which the
   defendants were charged refer to the aggregate weight of the
   mixture containing cocaine and not solely to the weight of the
   pure cocaine.

      2. The classifications do not violate equal protection guaran-
   tees because they further the objects of the statutes as enacted.

      3. The statutes do not violate due process guarantees. Their
   language is not unconstitutionally vague, and, although not
   mathematically precise, the language of the statutes delineates
   the proscribed conduct with reasonable certainty.

      Reversed and remanded for reinstitution of the charge as to
   *Prediger;* affirmed as to *Stahl.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 17, 21.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.

1. CONTROLLED SUBSTANCES — PENALTIES — STATUTES.

   Weight classifications of controlled substances contained in the
   Public Health Code for the purpose of determining penalties for
   violation of the code's proscription against delivery or posses-
   sion of such substances refer to the aggregate weight of a
   mixture containing a controlled substance rather than solely to
   the weight of the pure controlled substance (MCL
   333.7401[2][a][i]-[iii],     333.7403[2][a][i]-[iii];     MSA
   14.15[7401][2][a][i]-[iii], 14.15[7403][2][a][i]-[iii]).

2. CONTROLLED SUBSTANCES — PENALTIES — DUE PROCESS — EQUAL
   PROTECTION — STATUTES.

   The classification of controlled substances in the Public Health
   Code by the aggregate weight of a mixture containing the
   substance for the purpose of determining the penalty for viola-
   tions of the code's proscription against delivery or possession of
   such substances is not violative of equal protection guarantees
   because the classification furthers the object of the legislation,
   nor is it violative of due process guarantees because it gives
   adequate notice of the conduct proscribed (MCL
   333.7401[2][a][i]-[iii],     333.7403[2][a][i]-[iii];     MSA
   14.15[7401][2][a][i]-[iii], 14.15[7403][2][a][i]-[iii]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people in *Prediger.*

*Robert E. Slameka,* for defendant Prediger.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people in *Stahl.*

*Catchick & Dodge* (by *James B. Howard),* for defendant Stahl.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAV-ANAGH and BEASLEY, JJ.

PER CURIAM. Defendant, Robert John Stahl, was charged with delivery of 50 or more grams, but less than 225 grams, of cocaine, in violation of MCL 333.7401(1), (2)(a)(iii); MSA 14.15(7401)(1), (2)(a)(iii). This charge arose out of defendant Stahl's delivery of two plastic bags containing a white powder substance to an undercover state trooper in exchange for $8,000. Tests conducted by the state police laboratory indicated that the powder weighed 111.7 grams, of which 44 to 45 grams were cocaine and the balance was an inert, uncontrolled substance. Defendant Stahl's pretrial motion to quash the information was denied by the trial court. He appeals by leave granted.

Defendant, Fred Robert Prediger, Jr., was charged with unlawful possession of over 300 grams of powder containing cocaine, in violation of MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i). The complaint appears to contain an error, as the statute cited refers to amounts of 650 grams or more. Both parties proceeded as if defendant had been properly charged under § 7403(2)(a)(ii).

In the proceedings against defendant Prediger, the parties stipulated that a chemical analysis of the evidence indicated that the substance possessed by defendant weighed 265.49 grams and consisted of a mixture of substances, 34% of which was cocaine. Defendant Prediger brought a pretrial motion questioning the legislative intent of the statute. The trial court entered an order construing the intent of the statute, wherein it held that possession of a substance weighing 265.49 grams and consisting of 34% cocaine does not violate § 7403(2)(a)(ii), which refers to amounts of 225 or more grams, but less than 650 grams of a controlled substance. The prosecutor appeals by leave granted.

The cases have been consolidated on appeal.

They both present the question of whether the weight classifications contained in §§ 7401(2)(a) and 7403(2)(a) refer to the aggregate weight of a mixture containing a controlled substance or, rather, refer solely to the weight of the pure controlled substance. The portions of these two statutes, which are relevant to the issue here on appeal, are identical. They read:

"(2) A person who violates this section as to:

"(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:

"(i) Which is in an amount of 650 grams or more of any mixture containing that substance is guilty of a felony and shall be imprisoned for life.

"(ii) Which is in an amount of 225 grams or more, but less that 650 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 20 years nor more than 30 years.

"(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that substance is guilty of a felony and shall be either imprisoned for not less than 10 years nor more than 20 years or placed on probation for life."[1]

We believe that a plain reading of the above language establishes that the weight classifications refer to the aggregate weight of a mixture containing a controlled substance and not solely to the weight of the pure controlled substance. This same interpretation of the statutory language was utilized by this Court in *People v Lemble*[2] in analyzing an equal protection challenge to § 7403.

In *Fuller Central Park Properties v City of*

[1] MCL 333.7401(2)(a)(i)-(iii); MSA 14.15(7401)(2)(a)(i)-(iii); MCL 333.7403(2)(a)(i)-(iii); MSA 14.15(7403)(2)(a)(i)-(iii).

[2] 103 Mich App 220, 222; 303 NW2d 191 (1981).

*Birmingham,*[3] the following statement on interpretation of statutory construction was made:

"The primary rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of the words used by it. In interpreting statutes, all words and phrases should be construed according to the common and approved usage of the language. Correct and proper interpretation means giving effect to every word of the statute. Every effort must be made to avoid declaring any portion of the Legislature's language to be surplusage." (Footnotes omitted.)

If the Legislature intended that the weight classifications in the statute should apply to the controlled substance alone rather than to the aggregate weight of a mixture containing a controlled substance, there would be no purpose for the inclusion of the phrase "of any mixture containing that substance", and the phrase would be surplusage.

Defendants also contend that if the weight classifications refer to the aggregate weight of a mixture containing a controlled substance, the classifications violate equal protection in that a person who possesses or delivers a certain amount of controlled substance contained in a mixture may receive a greater sentence than one who possesses the same amount of controlled substance in a pure form. We adopt the reasoning of the Court in *Lemble, supra,* in rejecting this claim. The *Lemble* Court stated:

"Nor was this defendant denied equal protection of the laws. It is reasonable for the Legislature to impose more severe punishment for those possessing greater amounts of a mixture containing a controlled substance due to the potential for wider dissemination with an

---

[3] 97 Mich App 517, 524; 296 NW2d 88 (1980).

increased potential harm to society. The wording of MCL £33.7403; MSA 14.15(7403) indicates to this Court that the Legislature intended to punish defendants more severely for possession of greater amounts of 'any mixture' containing a controlled substance with the recognition that purchasers of such mixtures often have little or no idea of what percentage of the mixture is filler and what percent is the 'pure' drug. The greater the quantity of the mixture, regardless of the degree of purity, the greater the potential harm to society. Therefore, the different treatment for persons in different situations under the code is proper because it is based on the object of the legislation, deterrence of the distribution of the drug. *People v Chapman,* 301 Mich 584; 4 NW2d 18 (1942)."[4]

Defendant Stahl also claims that the statutory language of these sections is unconstitutionally vague and, therefore, violative of due process because it fails to give adequate notice of the conduct proscribed. We disagree.

A statute is not unconstitutionally vague where the language, although not mathematically precise, delineates the proscribed conduct with reasonable certainty.[5] In *People v Busby,*[6] the defendant challenged a portion of the former Controlled Substances Act on grounds of vagueness. The Court rejected the argument, stating:

"[W]e feel compelled to hold that vagueness, if any there is, disappears with any common sense reading of the statute in its entirety. The mere fact that defendant rearranges the statute for argument in place of reading it as written does not render it violative of due process because of vagueness or ambiguity."[7]

---

[4] *Lemble, supra,* 222-223.

[5] *People v Taylor,* 89 Mich App 238, 242; 280 NW2d 500 (1979).

[6] 56 Mich App 389; 224 NW2d 322 (1974).

[7] *Id.,* 394.

Any vagueness in the portions of the statutes involved in the present case disappears with a common sense reading of the statutes. Adoption of defendants' interpretation of the statutes would require that the reader completely ignore the phrase "any mixture containing that substance".

Affirmed as to defendant Stahl. Reversed and remanded for reinstitution of the charge under MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) as to defendant Prediger.