PEOPLE v HUBBARD

Docket No. 49865. Submitted June 10, 1981, at Grand Rapids.—Decided April 7, 1982.

Theresa Hubbard was arrested along with several other persons and all were charged with criminal trespass on property belonging to the Consumers Power Company at the site of the Big Rock Point Nuclear Power Plant. At the time, defendants were taking part in a demonstration protesting the use of nuclear power facilities. The prosecuting attorney requested before trial that the trial court deny defendants the right to raise the common-law defense of necessity and the constitutional defense of the right to free speech and assembly. The 90th District Court, David W. Fershee, J., granted the prosecution's motion. Defendants entered pleas of nolo contendere with the express stipulation of the prosecuting attorney that defendants would be in the same position for appeal as if they had been convicted by a jury without benefit of either of the defenses previously denied by the preliminary order of the district court. The district court also acknowledged and approved the conditional nature of the pleas. The Charlevoix Circuit Court, Martin B. Breighner, J., affirmed defendants' convictions, holding that defendants, by pleading nolo contendere, had waived their right to raise those issues on appeal which they sought to have reviewed, i.e., the defenses denied to them by the district court in its decision to grant the prosecutor's motion in limine, because the agreement between the prosecuting attorney, the district court and defendants could not vest the circuit court with jurisdiction to review a plea conviction which waived the defenses sought to be reviewed. Defendants appeal by leave granted. Held:

   1. The only viable alternative to enforcing the qualified plea

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 147.

   75 Am Jur 2d, Trespass § 42.

[2] 21 Am Jur 2d, Criminal Law §§ 147, 148.

   Coercion, compulsion, or duress as defense to criminal prosecution. 40 ALR2d 908.

[4] 16A Am Jur 2d, Constitutional Law §§ 518, 520, 530, 532.

   75 Am Jur 2d, Trespass § 92.

and considering the issues would be to set the plea aside and remand for the taking of an unqualified plea or for trial, at the parties' option. In the interest of judicial economy, the Court of Appeals will review those issues which defendants sought to preserve by qualified plea.

2. A general apprehension of harm from a nuclear power facility will not support a defense of necessity to a charge of criminal trespass. Furthermore, in order to raise the defense of necessity, defendants' criminal act must support an inference that the criminal act would alleviate the impending harm. Defendants' act of criminal trespass alone could not reasonably be presumed to have any effect in halting the production of nuclear power at Big Rock. If the facts as presented for consideration on appeal had been adduced at trial, the trial court would have properly refused to submit for jury consideration the defense of necessity.

3. Defendants' contention that their convictions under the criminal trespass statute violate their constitutional rights of free speech and assembly is without merit. While defendants' refusal to depart from the premises of Consumers Power Company may have been intended by them to be an expression of their fear and opposition to nuclear power, such form of expression on private property is not protected under either the Constitution of the United States or the Constitution of the State of Michigan.

Affirmed.

1. Criminal Law — Defenses — Necessity.

There must be some evidence from which each element of the defense of necessity may be inferred before that defense may be considered by a trier of fact in a criminal trespass case.

2. Criminal Law — Defenses — Compulsion — Duress.

An act which would otherwise constitute a crime may be excused on the ground that it was done under compulsion or duress, but the compulsion must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done; a threat of future injury is not enough.

3. Trespass — Defenses — Necessity — Nuclear Protests.

The defense of necessity is unavailable to defendants charged with criminal trespass growing out of a protest against the use of nuclear energy where nothing more than general apprehension of harm from a nuclear power facility is shown.

4. Constitutional Law — Free Speech — Assembly.

  The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Scott T. Beatty,* Prosecuting Attorney, and *Frank G. Hoffman,* Assistant Prosecuting Attorney, for the people.

*James M. Olson* and *William Rastetter,* for defendants.

Before: D. F. Walsh, P.J., and MacKenzie and J. R. Ernst,* JJ.

Per Curiam. Defendants were arrested for criminal trespass on property belonging to the Consumers Power Company, MCL 750.552; MSA 28.820(1). At the time of their arrest, defendants were taking part in a demonstration at the site of the Big Rock Point Nuclear Power Plant located in Charlevoix County, Michigan. Defendants declared the purpose for the assembly was to inform the operators of the plant, employees working at the plant, and the citizens of the area and of Michigan of an allegedly imminent danger to health and property incident to the operation of the nuclear power facility. Defendants notified Consumers Power Company, the State Police and the Charlevoix County Sheriff of their intention to demonstrate. They acknowledge their presence on Consumers Power Company property, that company officials requested them to leave, and that they failed to comply.

Before trial, the prosecutor requested the trial court to deny the right to raise the common-law

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defense of necessity and the constitutional defense of the right to free speech and assembly. The motion *in limine* was granted.

Thereafter, defendants entered pleas of nolo contendere in district court to the trespass charge, with the express stipulation of the Charlevoix County Prosecuting Attorney that defendants would be in the same position for appeal as if they had been convicted by a jury without benefit of either of the defenses previously denied by the preliminary order of the district court. The district court also acknowledged and approved the conditional nature of the pleas.

Upon appeal the Charlevoix County Circuit Court affirmed defendants' convictions. The circuit court held that defendants, by pleading nolo contendere, had waived their right to raise those issues on appeal which they sought to have reviewed, *i.e.,* the defenses denied to them by the district court in its decision to grant the prosecutor's motion *in limine.* The court declared that "even" the agreement between the prosecuting attorney, the district court and defendants could not vest it with jurisdiction to review a plea conviction which waived the defenses sought to be reviewed.

Defendants, having been granted leave to appeal, are now before this Court.

We find it unnecessary to consider whether either of the issues which defendants seek to raise on appeal would have been waived by an unqualified guilty plea, *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), or by an unqualified nolo contendere plea, *People v Riley,* 88 Mich App 727; 279 NW2d 303 (1979). In the absence of a uniform policy either by court rule or by Supreme Court decision, we believe the only viable alterna-

tive to enforcing a qualified plea and considering the issues would be to set the plea aside and remand for the taking of an unqualified plea or for trial, at the parties' option. For those same considerations of judicial economy discussed by this Court in *People v Ricky Smith,* 85 Mich App 32; 270 NW2d 697 (1978), we proceed to review those issues which defendants sought to preserve by qualified plea.

We are aware of no Michigan case in which necessity was allowed as a defense to a criminal trespass action. The defense of duress has been recognized in other circumstances. See *People v Merhige,* 212 Mich 601; 180 NW 418 (1920). This Court in *People v Hocquard,* 64 Mich App 331, 337, fn 3; 236 NW2d 72 (1975), concluded that the courts of this state have impliedly recognized the defense of necessity, stating:

"The difference between the defenses of duress and necessity is that the source of compulsion for duress is the threatened conduct of another human being, while the source of compulsion for necessity is the presence of natural physical forces. * * * Since compulsion includes necessity this is not a recognition of a new defense in Michigan."

We are of the opinion that, in an appropriate factual situation, a defense of necessity may be interposed to a criminal trespass action. However, there must be some evidence from which each element of such defense may be inferred before the defense may be considered by a trier of fact. See *People v Hocquard, supra, People v Spalding,* 17 Mich App 73; 169 NW2d 163 (1969).

Citing 16 Corpus Juris, Criminal Law, § 59, p 91, the Court in *People v Merhige, supra,* pp 610-611, reiterated the frequently applied rule:

" 'An act which would otherwise constitute a crime may also be excused on the ground that it was done under compulsion or duress. The compulsion which will excuse a criminal act, however, must be present, imminent and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. A threat of future injury is not enough.' "[1]

Unlike self-defense, for which an "honest, but mistaken" apprehension of impending harm is sufficient, the defense of necessity requires a "well-grounded apprehension" or "reasonable" fear of harm.

We recognize that both the United States and the State of Michigan have enacted legislation and adopted exhaustive regulations governing the construction and operation of nuclear power facilities. The United States Supreme Court has recognized that Congress has made a deliberate choice with regard to nuclear energy:

"Nuclear energy may some day be a cheap, safe source of power or it may not. But Congress has made a choice to at least try nuclear energy, establishing a reasonable review process in which courts are to play only a limited role. The fundamental policy questions appropriately resolved in Congress and in the state legislatures are *not* subject to reexamination in the federal courts under the guise of judicial review of · agency action. Time may prove wrong the decision to develop nuclear energy, but it is Congress or the States within their appropriate agencies which must eventually make that judgment." (Emphasis in original.) *Vermont Yankee Nuclear Power Corp v Natural Resources*

_____

[1] We note that the commentary following CJI 7:5:01-04, Duress, raises into question the propriety of limiting the defense of duress (necessity) to situations where the instrument of coercion is a threat of death or serious bodily injury, particularly where the criminal act done to avoid the threatened harm is minor.

*Defense Council, Inc,* 435 US 519, 557-558; 98 S Ct 1197; 55 L Ed 2d 460 (1978).

The necessity defense is unavailable in an area where there has been exhaustive legislative debate and legislation. The law, by allowing the application of a necessity defense, cannot permit an individual to substitute his own convictions for those of a reasoned and democratic decision-making process. To do so would subvert the very process by which a democracy functions.

In rejecting the applicability of the necessity defense to defendants convicted of trespass growing out of a nuclear protest, the Supreme Court of Vermont has held:

"Determination of the issue of competing values and, therefore, the availability of the defense of necessity is precluded, however, when there has been a deliberate legislative choice as to the values at issue. * * *

"Both the State of Vermont and the Federal government have given their imprimatur to the development and normal operation of nuclear energy and have established mechanisms for the regulation of nuclear power. Implicit within these statutory enactments is the policy choice that the benefits of nuclear energy outweigh its dangers.

"If we were to allow defendants to present the necessity defense in this case we would, in effect, be allowing a jury to redetermine questions of policy already decided by the legislative branches of the federal and state governments. This is not how our system of government was meant to operate." (Citations omitted.) *State v Warshow,* 138 Vt 22, 27-28; 410 A2d 1000 (1979) (concurring opinion by Justice Hill).

See also *State v Dorsey,* 118 NH 844, 846-847; 395 A2d 855 (1978).

Defendants have not alleged that the Big Rock Plant at the time of defendants' trespass harbored

any unique condition that would pose a greater or more imminent threat to life or property than that commonly incident to nuclear power facilities in general. The facts as considered for this appeal include no evidence of a special defect or unique danger at the Big Rock site sufficient to support a "reasonable" or "well-founded" apprehension of particular harm distinguishable from a general apprehension which might be precipitated by contemplation of any nuclear facility. In view of the decisions by our state Legislature and Congress to facilitate the controlled development of nuclear power, we conclude that such general apprehension of harm from a nuclear power facility will not support a defense of necessity to a charge of criminal trespass.

Too, defendants have acknowledged that the purpose of their trespass was to inform the company and others of their perceived danger attendant to nuclear power. In order to raise the defense of necessity, defendants' criminal act must support an inference that the criminal act would alleviate the impending harm. We conclude that defendants' act of criminal trespass alone could not reasonably be presumed to have any effect in halting the production of nuclear power at Big Rock. See *United States v Simpson,* 460 F2d 515 (CA 9, 1972), *State v Marley,* 54 Hawaii 450; 509 P2d 1095 (1973).

The second issue which defendants sought to preserve by their qualified pleas was the district court decision denying the constitutional defenses of the right to free speech and assembly. Defendants admit their presence on land belonging to the Consumers Power Company. Defendants urge that the area has historically been open to the public, that the company at one time maintained an environmental information center open to the public (closed in recent years) and that members of

the general public have not been prohibited from visiting the plant via the road whereon defendants were arrested. Defendants rely on *Amalgamated Food Employes Union Local 590 v Logan Valley Plaza, Inc,* 391 US 308; 88 S Ct 1601; 20 L Ed 2d 603 (1968), and *Marsh v Alabama,* 326 US 501; 66 S Ct 276; 90 L Ed 265 (1946), which we note have been subsequently limited and distinguished by the Court's opinions in *Lloyd Corp, Ltd v Tanner,* 407 US 551; 92 S Ct 2219; 33 L Ed 2d 131 (1972), and *Hudgens v National Labor Relations Board,* 424 US 507; 96 S Ct 1029; 47 L Ed 2d 196 (1976).

The rights of free speech and assembly on public property were considered in *People v Harrison,* 383 Mich 585, 593; 178 NW2d 650 (1970), citing *Cox v Louisiana,* 379 US 536; 85 S Ct 453; 13 L Ed 2d 471 (1965):

" 'The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time.' "

Defendants' refusal to depart from the premises of Consumers Power Company may have been intended by them to be an expression of their fear and opposition to nuclear power. Such form of expression on private property, however, is not protected under either the Constitution of the United States or of the State of Michigan.

We conclude that if the facts as presented for consideration on appeal had been adduced at trial, the trial court would have properly refused to submit for jury consideration the defense of necessity. We further conclude that defendants' contention that their convictions under the criminal trespass statute violate their constitutional rights of free speech and assembly is without merit.

Affirmed.