PEOPLE v KIDD

Docket No. 60432. Submitted June 3, 1982, at Grand Rapids.—Decided November 3, 1982. Leave to appeal applied for.

William M. Kidd was charged with possession of more than 225 grams of a controlled substance, attempted safe breaking, and breaking and entering an unoccupied dwelling. At trial, the Alcona Circuit Court, Joseph P. Swallow, J., ruled that defendant could only be charged with possession of less than 50 grams of a controlled substance. The information was amended to conform with the court's ruling, after which defendant pled guilty to possession of less than 50 grams of a controlled substance and to breaking and entering in exchange for which the prosecutor agreed not to reinstate the safe-breaking charge and not to institute an habitual offender charge. Defendant appeals, alleging that the trial court was precluded from accepting his plea by the statutory proscription on plea bargaining in serious drug cases, that the substance-abuse provisions of the Public Health Code violate the title-object clause of the Michigan Constitution, and that the prosecutor was barred from filing a supplemental information, thus rendering his plea bargain illusory. *Held:*

1. The statute limiting plea bargaining in serious drug offenses does not apply because the charge in this case was reduced as a matter of law before the plea conference was held.

2. The trial court erred in ruling that the defendant could be charged only with possession of the lesser amount of a controlled substance. The statutory weight classifications refer to the aggregate weight of a mixture containing a controlled substance, not to the amount of pure substance in the mixture.

3. The substance-abuse provisions of the Public Health Code

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 488.
[1, 4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 48.
[2, 3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.
[4] 21 Am Jur 2d, Criminal Law § 475.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19 *et seq.*

do not violate the title-object clause of the Michigan Constitution.

4. Defendant's plea bargain was not illusory, because the prosecutor arguably could have filed the supplemental information at the time of the plea under the law as it stood then. A recent Supreme Court decision which holds that a prosecutor must file a supplemental information not more than 14 days after a defendant is arraigned on the underlying felony or before trial if the defendant is tried within the 14-day period does not apply retroactively to this case.

Affirmed.

1. CONTROLLED SUBSTANCES — GUILTY PLEAS — REDUCED CHARGES.

The statutory provision which limits the availability of guilty plea options in cases where serious drug offenses are charged does not preclude a trial court from accepting a guilty plea to a reduced charge where the charge was reduced as a matter of law prior to the conference which resulted in the plea agreement (MCL 333.7415; MSA 14.15[7415]).

2. CONTROLLED SUBSTANCES — WEIGHT CLASSIFICATIONS.

Weight classifications of controlled substances contained in the Public Health Code for the purpose of determining penalties for possession of such substances refer to the aggregate weight of a mixture containing a controlled substance rather than solely to the weight of the pure controlled substance (MCL 333.7403; MSA 14.15[7403]).

3. CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The substance-abuse provisions of the Public Health Code do not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24).

4. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATION.

A prosecutor must file a supplemental information charging a defendant as an habitual felony offender not more than 14 days after the defendant is arraigned on the underlying felony or before trial if the defendant is tried within the 14-day period; this rule applies to cases in which a defendant was arraigned in circuit court on the information charging the underlying felony after February 1, 1982.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Eugene Malanyn,* Prose-

cuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Gail Rodwan),* for defendant on appeal.

Before: R. B. BURNS, P.J., and MACKENZIE and L. C. ROOT,* JJ.

R. B. BURNS, P.J. Defendant was charged with possession of a controlled substance in an amount of 225 grams or more, MCL 333.7403(1)(2)(a)(ii); MSA 14.15(7403)(1)(2)(a)(ii), attempted safe breaking, MCL 750.531; MSA 28.799, and breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305. During trial on these charges, defendant pled guilty pursuant to an agreement with the prosecution. He appeals and we affirm.

At trial, testimony indicated that the 287 grams of substance tested contained approximately 41 grams of Schedule 2 controlled substance, the remainder being filler material. Defense counsel moved for a directed verdict. Although the court denied this motion, the court ruled as a matter of law that because defendant possessed only 41.013 grams of a controlled substance, he could be charged only with possession of less than 50 grams, MCL 333.7403(1)(2)(a)(iv); MSA 14.15(7403)(1)(2)(a)(iv). The prosecutor then moved to amend the information to conform with the court's ruling. After the court granted the prosecutor's motion defendant pled guilty to possession of less than 50 grams of a controlled substance and to breaking and entering. In return for his plea, the prosecutor agreed not to reinstate the safe-breaking charge, which had previously been dismissed, and to forgo charging defendant as an

* Circuit judge, sitting on the Court of Appeals by assignment.

habitual offender. At the time of defendant's plea, the prosecutor had not filed a supplemental information.

Defendant first claims that the trial court was precluded from accepting his plea to possession of less than 50 grams of a controlled substance by MCL 333.7415; MSA 14.15(7415). We disagree. Section 7415 was enacted to foreclose the use of a reduction in charges in negotiating guilty pleas. This reflects the Legislature's goal of limiting the availability of guilty plea options in cases where serious drug offenses are charged. However, in the case at bar, the information was not amended pursuant to a plea agreement. Rather, the trial court reduced the charge as a matter of law before the plea conference was held.

Moreover, the trial court erred in ruling that defendant could be charged only with possession of less than 50 grams of a controlled substance. The statute on its face punishes defendants for possession of "any mixture containing" the controlled substance. MCL 333.7403; MSA 14.15(7403). The percentage of pure controlled substance in the mixture is irrelevant to the charge; the weight classifications refer to the aggregate weight of a mixture containing a controlled substance. *People v Prediger,* 110 Mich App 757, 760; 313 NW2d 103 (1981); *People v Lemble,* 103 Mich App 220, 222; 303 NW2d 191 (1981). Defendant clearly benefited from this erroneous ruling.

Defendant next claims that the substance-abuse provisions of the Public Health Code violate the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24. However, this Court determined this question against defendant's position in *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980).

Finally, defendant claims that his plea was based upon the prosecution's promise not to file a supplemental information and that his plea was illusory because the prosecutor was barred from filing against defendant as an habitual offender in light of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979).

However, at the time of defendant's plea, there was a split in this Court regarding the stage at which the prosecutor was required to file the supplemental information. Because the prosecutor arguably could have filed the supplemental information at the time of defendant's plea, *People v Alford,* 101 Mich App 446; 300 NW2d 593 (1980), defendant's plea was not illusory. *People v Robinson,* 117 Mich App 63; 323 NW2d 594 (1982).

The Supreme Court recently clarified the *Fountain* requirements in *People v Shelton,* 412 Mich 565, 568; 315 NW2d 537 (1982), holding that the prosecutor must file the supplemental information not more than 14 days after the defendant is arraigned on the underlying felony or before trial if defendant is tried within the 14-day period. *Id.,* 569.

The *Shelton* decision is inappropriate here, as it was issued approximately one week after defendant submitted his initial brief on appeal to this Court. Thus, under *Fountain,* defendant's plea was not illusory.

Furthermore, defendant's plea was based upon other factors as well. The prosecution could have appealed the trial court's erroneous reduction of the possession charge and, if successful, tried defendant for possession of over 225 grams of a Schedule 2 controlled substance. Also, defendant benefited from the prosecution's agreement not to reinstate the safecracking charge. In our opinion,

defendant benefited from his bargain. See *People v Eric Thompson,* 101 Mich App 428; 300 NW2d 585 (1980).

Affirmed.