PEOPLE v PUERTAS

PEOPLE v ROBERT HAUPT

PEOPLE v JOHN HAUPT

Docket Nos. 59954, 60022, 60023. Submitted September 14, 1982, at Lansing.—Decided January 23, 1983. Leave to appeal denied, 417 Mich 1056.

Joseph E. Puertas, Robert E. Haupt and John E. Haupt each was convicted on his plea of guilty to delivery of the controlled substance cocaine and conspiracy to deliver a controlled substance, Oakland Circuit Court, George H. LaPlata, J. Each plea, over the objection of the prosecution, was made conditional upon the preservation for appellate review of certain legal and constitutional issues. Defendants appeal. *Held:*

1. In the interests of judicial economy, the Court of Appeals will recognize the validity of the conditional guilty plea and will consider and decide the issues raised on appeal.

2. The crime of delivery of cocaine does not require proof that the cocaine delivered was not synthetically produced.

3. The statutory classification scheme clearly establishes that it is the aggregate weight of a mixture containing a controlled substance rather than the weight of the pure controlled substance in the mixture which is to be used to determine the severity of punishment. That classification scheme is not violative of the constitutional right to equal protection of the laws.

4. The criminal sanctions for personal possession and use of cocaine do not unconstitutionally interfere with a citizen's right to possess and use personal property.

5. The classification of cocaine with narcotic drugs for penalty purposes does not abridge the right to due process and equal protection nor does it constitute cruel and unusual punishment.

Affirmed.

References for Points in Headnotes

[1, 8] 21 Am Jur 2d, Criminal Law §§ 487, 490.

[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 44.

[3, 7] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 48.

[4-6] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.

DANHOF, C.J., dissented. He would hold that conditional guilty pleas are invalid. He would set aside the pleas and remand to the trial court for unqualified pleas or for trial.

## OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — QUALIFIED PLEAS.

A guilty plea which is conditioned upon preservation of the right to raise legal and constitutional issues on appeal should be recognized as being valid, in the interests of judicial economy.

2. CONTROLLED SUBSTANCES — COCAINE — SYNTHETIC COCAINE.

The crime of delivery of cocaine does not require proof that the cocaine delivered was not synthetically produced; the statute clearly provides that the listed controlled substances include those produced independently by means of chemical synthesis (MCL 333.7214[a]; MSA 14.15[7214][a]).

3. CONTROLLED SUBSTANCES — PENALTIES — STATUTES.

Weight classifications of controlled substances contained in the Public Health Code for the purpose of determining penalties for violation of the code's proscription against delivery or possession of such substances refer to the aggregate weight of a mixture containing a controlled substance rather than solely to the weight of the pure controlled substance (MCL 333.7401[2][a], 333.7403[2][a]; MSA 14.15[7401][2][a], 14.15[7403][2][a]).

4. CONTROLLED SUBSTANCES — PENALTIES — DUE PROCESS — EQUAL PROTECTION — STATUTES.

The classification of controlled substances in the Public Health Code by the aggregate weight of a mixture containing the substance for the purpose of determining the penalty for violations of the code's proscription against delivery or possession of such substances is not violative of equal protection guarantees, because the classification furthers the object of the legislation (MCL 333.7401[2][a], 333.7403[2][a]; MSA 14.15[7401][2][a], 14.15[7403][2][a]).

5. CONTROLLED SUBSTANCES — COCAINE — CONSTITUTIONAL LAW.

The criminal sanctions for personal possession and use of cocaine do not unconstitutionally interfere with a citizen's right to possess and use private property.

6. CONTROLLED SUBSTANCES — COCAINE — EQUAL PROTECTION.

A rational basis exists for classifying cocaine along with narcotic

drugs for penalty purposes under the controlled substances statute (MCL 333.7401; MSA 14.15[7401).

7. Controlled Substances — Penalties — Cruel and Unusual Punishment.

The penalty provisions for a conviction under the controlled substances portion of the Public Health Code do not constitute cruel or unusual punishment (US Const, Am VIII; Const 1963, art 1, § 16; MCL 333.7401; MSA 14.15[7401]).

Dissent by Danhof, C.J.

8. Criminal Law — Guilty Pleas — Qualified Pleas.

*Qualified guilty pleas should be held to be invalid in the absence of a court rule or statute authorizing them.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Kurzman & Phelan* (by *Stanley W. Kurzman),* for Joseph E. Puertas.

*Jeffrey S. Foran,* for Robert E. Haupt.

*Sterling, Schilling & Thorburn* (by *Ronald F. Schilling),* for John E. Haupt.

Before: Danhof, C.J., and M. F. Cavanagh and D. E. Holbrook, Jr., JJ.

Per Curiam. Defendants pled guilty to charges of delivery of a controlled substance, cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and conspiracy to deliver a controlled substance, MCL 750.157a; MSA 28.354(1). Defendants conditioned their pleas upon the preservation of their appellate rights with respect to certain legal and constitutional issues. Defendants appeal by right.

Since the prosecutor objected to the entry of the

conditional pleas, the defendants first argue that their qualified guilty pleas were valid and entitle them to this Court's consideration of the legal and constitutional issues raised in their appeal. There is currently a split in this Court regarding the validity of conditional pleas; the majority of the panels which have considered the issue have upheld such pleas. *People v Thomas,* 115 Mich App 586; 321 NW2d 742 (1982); *People v Hubbard,* 115 Mich App 73; 320 NW2d 294 (1982); *People v McIntosh,* 110 Mich App 139; 312 NW2d 415 (1981); *People v Ricky Smith,* 85 Mich App 32; 270 NW2d 697 (1978). *Contra, People v Reid,* 113 Mich App 262; 317 NW2d 589 (1982). We believe that the interests of judicial economy are best served by our recognizing the validity of a conditional guilty plea and deciding the issues raised on appeal.

Defendants next argue that an essential element of the offense of delivery of cocaine is proof that the substance delivered was not a synthetic product and that, absent such proof, they could not be convicted of delivering a schedule 2 controlled substance under MCL 333.7401; MSA 14.15(7401) and MCL 333.7214; MSA 14.15(7214). Defendants' argument is frivolous. The statute listing controlled substances in schedule 2 clearly includes substances produced "independently by means of chemical synthesis". MCL 333.7214(a); MSA 14.15(7214)(a).

Defendants also argue that an essential element of the offense of delivery of a controlled substance in an amount of 225 grams or more but less than 650 grams is a showing that at least each of 225 grams of the substance seized contained some of the illegal drug. This Court has already decided this issue against the defendants. In *People v Prediger,* 110 Mich App 757, 760; 313 NW2d 103

(1981), we held that the weight classifications found in MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a) "refer to the aggregate weight of a mixture containing a controlled substance and not solely to the weight of a pure controlled substance". Furthermore, this Court upheld these statutory weight classifications against an equal protection challenge in *People v Lemble,* 103 Mich App 220, 222; 303 NW2d 191 (1981), wherein we held that punishing defendants more severely for possessing greater amounts of "any mixture" containing a controlled substance was reasonable as the greater the quantity of mixture, whatever the degree of purity, the greater the potential for distribution and harm to society. See also *People v Campbell,* 115 Mich App 369; 320 NW2d 381 (1982).

Defendants next argue that the state's regulation of cocaine unconstitutionally interferes with a citizen's right to possess and use private property. This argument is without merit. *People v Stout,* 116 Mich App 726; 323 NW2d 532 (1982). The classification of cocaine as a controlled substance, because of its high potential for abuse, is clearly within the state's police powers to protect the public health.

Lastly, the defendants argue that the classification of cocaine with narcotic drugs for purposes of punishment violates the right to due process and equal protection and constitutes cruel and unusual punishment. This Court has already decided these issues against the defendants' position. *People v Kaigler,* 116 Mich App 567; 323 NW2d 486 (1982); *Campbell, supra,* pp 376-381.

Affirmed.

Danhof, C.J. *(dissenting).* I continue to adhere to the position which I stated in *People v Reid,* 113

Mich App 262; 317 NW2d 589 (1982), *lv gtd* 414
Mich 867 (1982), that qualified guilty pleas are
invalid. Therefore, I would set aside defendants'
pleas and remand for taking of unqualified pleas,
or for trial, at the option of the parties.