PEOPLE v BERRY

Docket No. 60324. Submitted January 6, 1983, at Lansing.—Decided
February 10, 1983.

Eugene Arnold Berry was convicted of three counts of possession
of controlled substances, Recorder's Court of Detroit, Clarice
Jobes, J. Defendant appealed. *Held:*

1. The controlled substances provisions of the Public Health
Code do not violate the title-object clause of the Michigan
Constitution.

2. The section of the Public Health Code which assigns the
classification of controlled substances to the Board of Pharmacy
provides the board with standards which are as reasonably
precise as the subject matter requires. The assignment of this
function to the board is not an impermissible delegation of
legislative powers in violation of either the separation of pow-
ers or due process.

Affirmed.

1. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CONSTITU-
TIONAL LAW.

The controlled substances provisions of the Public Health Code do
not violate the title-object clause of the Michigan Constitution
(Const 1963, art 4, § 24; MCL 333.7101 *et seq.;* MSA 14.15[7101]
*et seq.).*

2. CONTROLLED SUBSTANCES — CLASSIFICATION OF CONTROLLED SUB-
STANCES — BOARD OF PHARMACY.

The section of the Public Health Code which assigns the classifi-
cation of controlled substances to the Board of Pharmacy
provides the board with standards which are as reasonably
precise as the subject matter requires; the assignment of this
function to the board is not an impermissible delegation of
legislative powers in violation of either the separation of pow-
ers or due process (MCL 333.7215; MSA 14.15[7215]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 226 *et seq.*
73 Am Jur 2d, Statutes § 107.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 7 *et seq.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Linda D. Ashford,* for defendant.

Before: ALLEN, P.J., and BRONSON and WAHLS, JJ.

PER CURIAM. Defendant was convicted after a bench trial of possession of cocaine, possession of pentazocine, and possession of diazepam, MCL 333.7403; MSA 14.15(7403). On June 30, 1981, he was sentenced to serve a term of one year's probation in the Detroit House of Correction. Defendant appeals as of right.

Defendant first argues that his convictions must be reversed because the controlled substance provision of the Public Health Code violates the title-object clause of Const 1963, art 4, § 24. This claim has been rejected by several panels of the Court. See *People v Kidd,* 121 Mich App 92; 328 NW2d 394 (1982); *People v Swindlehurst,* 120 Mich App 606; 328 NW2d 92 (1982); *People v Ensign (On Rehearing),* 112 Mich App 286; 315 NW2d 570 (1982); *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980).

Defendant next argues that his conviction of possession of pentazocine must be reversed because the Legislature has never declared that the possession of pentazocine is a crime. Pursuant to the authority granted to it under MCL 333.7215; MSA 14.15(7215), the State Board of Pharmacy classified pentazocine as a schedule 3 controlled substance. Defendant claims that the provisions of the con-

trolled substances act which allow the State Board of Pharmacy to add substances to the schedule of proscribed substances constitutes an unlawful delegation of the Legislature's power to create criminal offenses to an administrative agency. Members of this Court are divided on the issue. in *People v Uriel,* 76 Mich App 102; 255 NW2d 788 (1977), *lv den* 402 Mich 851 (1978), the panel upheld the provisions. In *People v Turmon,* 117 Mich App 345; 323 NW2d 698 (1982), a divided panel reached the opposite conclusion. The most recent case on this issue is *People v O'Neal,* 122 Mich App 370; 333 NW2d 56 (1983), which holds the provisions constitutional. We find the *O'Neal* opinion thorough and persuasive and for the reasons stated therein conclude that the delegation to the Board of Pharmacy is constitutional.

Affirmed.